826 F.2d 1072
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John F. NOLL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3199
 United States Court of Appeals, Federal Circuit.
 July 14, 1987.
 
 Before BISSELL, Circuit Judge, MILLER, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or board), Docket No. PH08318610653, sustaining the Office of Personnel Management's (OPM) termination of petitioner's disability retirement benefit is affirmed.
 
 OPINION
 
 2
 John F. Noll was employed as an electrician by the Department of the Navy at the Norfolk Naval Shipyard, Norfolk, Virginia. He sustained a back injury in November of 1977 while working and subsequently suffered from related psychological disorders that made him eligible for disability retirement. OPM granted this retirement in November 1979 and based his benefits on the current rate of basic pay for his grade. Noll continued to receive the payments until June 30, 1986 when OPM terminated his disability retirement because he reported 1985 income in excess of the eighty percent statutory ceiling on his earned income. OPM found Noll had been restored to earning capacity and was, therefore, no longer eligible to receive a disability benefit from the government. 5 C.F.R. Sec. 831.502(e)(3).
 
 
 3
 After OPM's reconsideration and affirmance of the termination, Noll appealed to the MSPB, arguing that his earned income in 1985 was only approximately $250.00 above the ceiling and that his original pay level was incorrectly calculated since he often received amounts in excess of basic pay for working nights, Sundays and holidays. The MSPB rejected these contentions and Noll subsequently appealed to this court.
 
 
 4
 We agree with the MSPB decision as to both issues. There is no de minimis exception to the eighty percent limitation on earned income for a disability retiree. 5 C.F.R. Sec. 831.502(e)(3).
 
 
 5
 Noll's argument that his premium pay for night shift, Sunday and holiday work should have been included in the calculation of basic pay for disability retirement purposes is incorrect. The civil service retirement statute clearly states that basic pay does not include 'overtime pay . . . [or] pay given in addition to the base pay.' 5 U.S.C. Sec. 8331(3). Thus, even if Noll proved (which he did not do at the MSPB hearing) that he regularly worked the higher-paid hours, these amounts would still not be included in a computation of basic pay for purposes of measuring the eighty percent income limitation under the disability retirement provisions.
 
 
 6
 We therefore affirm the decision of the MSPB.